IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE SERVICEMASTER COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 3141 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On May 26, 2005, plaintiff ServiceMaster Company ("ServiceMaster"), filed a complaint invoking this court's jurisdiction pursuant to 28 U.S.C. § 1346(a)(1) seeking refund of $879,218.07 in excise taxes levied by the defendant United States pursuant to 26 U.S.C. §§ 4251, 4252. (Dkt. No. 1). The United States filed a motion to dismiss on February 3, 2006, (Dkt. No. 25), and ServiceMaster filed a cross motion for summary judgment on March 9, 2006. (Dkt. No. 31). The court, with the United States' concurrence, is applying the language of Rule 12(b) of the Federal Rules of Civil Procedure ("Rules"), and is treating the United States' motion to dismiss filed pursuant to Rule 12(b)(6) as a motion for summary judgment under Rule 56. For the reasons set forth below, this court grants ServiceMaster's motion for summary judgment and denies the United States' motion for summary judgment.

BACKGROUND

The parties agree that ServiceMaster purchased long distance telecommunications services from AT&T and Sprint, these providers charged ServiceMaster the 3% excise tax set forth in 26 U.S.C. §§ 4251, 4252 and turned over the resulting $879,218.07 to the United States.

(Dkt. No. 32 at ¶ 2, Dkt. No. 2 at ¶ 2). ServiceMaster seeks a refund of that amount contending that § 4252(b)(1) does not cover the services that it purchased. ServiceMaster argues that § 4252(b)(1) only applies when the customer is charged for long distance calls based on both the elapsed time *and* distance of the telephone call but it was only charged based on the elapsed time of its calls. The United States counters with arguments about the type of service ServiceMaster received and cites legislative history as well as statutory interpretation authority.

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). In considering a motion for summary judgment, this court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003). Finally, the evidence relied upon must be competent evidence of a type otherwise admissible at trial. *Stinnett v. Iron*

*Work Gym/Exercise Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002).

## ANALYSIS

Two matters should be discussed before addressing the merits. First, this court has jurisdiction to hear this case because ServiceMaster has properly sought from the United States, and has been denied, its claimed refund. (Dkt. No. 1, at ¶¶12, 24, Ex. A); *see Bartley v. United States*, 123 F.3d 466, 468 (7th Cir. 1997) (citing 26 U.S.C. §§ 6532(a)(1); 7422(a)). Second, despite the fact that the United States has filed a motion to dismiss, the parties' pending cross motions are mirror images of each other in that the motions present the same issues and arguments for this court's consideration. The pending motions require this court to interpret two federal statutes and two contracts. A court can consider contracts when they are referenced in the plaintiff's complaint and these contracts are central to the plaintiff's claims in evaluating a motion to dismiss. *See Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 731 n.3 (7th Cir. 2005). However, this court believes that it is appropriate and necessary to convert the United States' motion to dismiss into a motion for summary judgment. The court apprised counsel for the United States of this during the status hearing of April 13, 2006. The United States responded in its April 14, 2006 position statement that the court could treat the United States' motion to dismiss as a motion for summary judgment. (Dkt. No. 43). Consequently, the court will consider the United States' motion to dismiss as a motion for summary judgment. The parties have filed the appropriate supporting material pursuant to Local Rule 56.1. (Dkt. Nos. 32, 40). The court now turns to the merits.

Title 26, United States Code, Section 4251 imposes a three percent tax on "amounts paid for communication services." 26 U.S.C. §§ 4251(a)(1), 4251(b)(2). The statute defines

3

"communication services" as "local telephone service," "toll telephone service," and "teletypewriter exchange service." 26 U.S.C. § 4251(b)(1). The dispute here is about ServiceMaster's toll telephone services. Title 26, United States Code, Section 4252(b) states:

**Toll telephone service.** For the purpose of this subchapter, the term "toll telephone service" means

> (1) a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States, and
> (2) a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specific area which is outside the local telephone system area in which the station provided with this service is located.

26 U.S.C. § 4252(b).

There is no decision by the United States Court of Appeals for the Seventh Circuit directly addressing the question of whether § 4252(b)(1) requires a taxpayer to be charged for both distance and elapsed transmission time or whether elapsed transmission time is sufficient for the assessment of the tax. The Seventh Circuit does instruct that "all statutory interpretation begins with the language of the statute itself, and where 'the statute's language is plain, the sole function of the courts is to enforce it according to its terms.'" *Pittway Corp. v. United States*, 102 F.3d 932, 934 (7th Cir. 1996) (quoting *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241 (1989); *Caminetti v. United States*, 242 U.S. 470 (1917)). The Second, Third, Sixth, Eleventh and District of Columbia Circuits have directly addressed this issue and each court has held that the plain language of the statute requires the charging for both distance *and* elapsed time for a long distance telephone call in order for the government to assess the tax under §

4

4252(b)(1).  *See Fortis, Inc. v. United States*, – F.3d –, No. 05-2518-CV, 2006 WL 1140124 (2d Cir. Apr. 27, 2006) (per curium), *aff'g* 420 F. Supp. 2d 166, 174 (S.D.N.Y. 2004); *Reese Bros., Inc. v. United States*, – F.3d –, No. 05-2135, 2006 WL 1228908, at *5 (3d Cir. May 9, 2006); *OfficeMax, Inc. v. United States*, 428 F.3d 583, 588 (6th Cir. 2005); *Am. Bankers Ins. Group v. United States*, 408 F.3d 1328, 1332 (11th Cir. 2005); *Nat'l R.R. Passenger Corp. v. United States*, 431 F.3d 374, 376 (D.C. Cir. 2005).  In light of the plain language of the statute, this court must reject the United States' argument that Revenue Ruling 79-404 controls this case.

The United States argues that the conclusion that the "and" in §4252(b)(1)(A) is conjunctive creates an "gap" in the tax.  The court understands that any alleged gap in this tax is the result of changes in the telecommunications industry over the past 40 years.  As is noted in the United States' briefing, its affidavit from Dr. Alan Pearce and in the discussion of the court of appeals cases, when Congress drafted §§ 4251 and 4252 in 1965, long distance service was provided by the AT&T / Bell system.  At that time, AT&T charged based on both elapsed time and distance.  The United States' position is that Congress' intent in 1965 was to tax all long distance calls, the AT&T / Bell system was the only known system and so Congress modeled § 4252 on AT&T / Bell's billing arrangements.  However, through changes in the telecommunication industry, AT&T / Bell is no longer the only long distance provider for consumers.  Providers, like those who provided service to ServiceMaster and including AT&T, now charge based only on call duration.  This court believes that the District of Columbia Circuit summed up the issue properly in *Nat'l R.R. Passenger Corp.*, when it stated although "this interpretation limits the effectiveness of the tax on long distance calls ... § 4252(b)(1) is unambiguous [and] the IRS must take its case to Congress, not [to the] court[s]."  431 F.3d at

379.

The United States makes several other arguments but these too must be rejected. It argues regardless of the interpretation of § 4252(b)(1), ServiceMaster is still liable under §4252(a). § 4252(a) covers local telephone service and the United States argues that ServiceMaster can be taxed under § 4252(a) because it must access the local telephone service before connecting to long distance. Regardless of the structure of local and long-distance service, the United States' argument would effectively render § 4252(b) irrelevant. Statutes must be interpreted as a whole and this court cannot "interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *United States v. Michalek*, 54 F.3d 325, 336 (7th Cir. 1995) (quoting *Boise Cascade Corp. v. U.S. Environmental Protection Agency*, 942 F.2d 1427, 1432 (9th Cir. 1991)). Congress specifically taxed long distance service under § 4252(b) separate and apart from § 4252(a) and the United States' interpretation of § 4252(a) would effectively eliminate the need for § 4252(b).

The United States' final argument is that ServiceMaster's contract provided service that falls within § 4252(b)(2). § 4252(b)(2) covers long-distance service where the customer pays a flat fee and unlike § 4252(b)(1), distance is not considered. The parties have provided ServiceMaster's contracts with AT&T and Sprint. These contracts contain a charging structure based on time duration of each call. The contracts also include base amounts guarantees that ServiceMaster must meet and there are flat fees. However, the inclusion of a charge based on the time duration of each call places ServiceMaster's contract outside of § 4252(b)(2) because § 4252(b)(2) covers "a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of the total elapsed transmission time), to the

privilege of an unlimited number of telephonic communications." 26 U.S.C. § 4252(b)(2). Additionally, the United States, as the nonmoving party as to ServiceMaster's motion, is responsible for identifying with reasonable particularity the evidence upon which it relies. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003). However, the United States has failed to cite to any part of the service contracts that demonstrate that ServiceMaster's agreements fall within § 4252(b)(2). In light of the fact that the contracts include a per minute charge, the court concludes that 4252(b)(2) is not applicable to ServiceMaster's contracts.

## CONCLUSION

For the reasons set forth below, ServiceMaster's motion for summary judgment of March 9, 2006, (Dkt. No. 31), is granted. The United States' motion to dismiss (Dkt. No. 25), as treated as a motion for summary judgment is denied. The dates set in this court's October 18, 2005 scheduling order of October 18, 2005 (Dkt. No. 18), are moot. The clerk is directed to enter judgment in favor of ServiceMaster and the United States is ordered to refund $879,218.07 to ServiceMaster by no later than July 15, 2006.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

Date: May 16, 2006